IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jerome Royster,                        :

          Petitioner,                  :

     v.                                :    Case No.  2:16-cv-1174

                                       :    JUDGE GEORGE C. SMITH
Andre Imbrogno, et al.,                     Magistrate Judge Kemp
                                       :
          Respondents.

REPORT AND RECOMMENDATION

     Jerome Royster, an inmate at Chillicothe Correctional
Institution ("CCI") filed a petition for a writ of habeas corpus
on December 15, 2016, together with a motion for a temporary
restraining order ("TRO").  The motion has been fully briefed and
is now ripe for decision.  For the following reasons, it will be
recommended that Mr. Royster's motion (Doc. 2) be denied.

I.  Background

     This lawsuit concerns a petition for a writ of habeas corpus
brought by Mr. Royster against Andre Imbrogno, the Chairperson of
the Adult Parole Authority ("APA") and the APA itself. Mr. Royster
asserts that a fellow inmate, Charles M. Steele, has served as his
jailhouse lawyer for various state and federal lawsuits and "knew
[his] case[s] intimately." (Doc. 2 at 4). Mr. Royster's TRO motion
argues that he has been denied access to the courts by
"respondent's agents," which presumably refers to corrections
officers or other staff at CCI, in violation of the First
Amendment.  He claims that officials at CCI have intentionally
prevented Mr. Steele from assisting him in court filings. Id. Mr.
Royster argues that the officials "have continuously interfered
with Mr. Steele and myself, when we attempted to litigate
proceedings in various court [sic], and have written myself and Mr.
Steele Disciplinary Conduct Reports simply because Mr. Steele has

endeavored to assist me through a process that I have no ability to undertake." He seeks a TRO preventing the respondents or their agents from interfering with his access to the courts. Id.

## II. Legal Standard

The factors to be weighed before issuing a temporary restraining order are the same as those considered for issuing a preliminary injunction. See, e.g., Workman v. Bredesen, 486 F.3d 896, 904-05 (6th Cir. 2007). In deciding whether to grant a preliminary injunction, the Court considers the following factors:(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction. Hunter v. Hamilton Cnty. Bd. of Elections, 635 F.3d 219, 233 (6th Cir. 2011) (citation and internal quotation marks omitted). These are "factors to be balanced, not prerequisites that must be met." Welch v. Brown, 551 Fed.Appx. 804, 808 (6th Cir. 2014) (quoting Washington v. Reno, 35 F.3d 1093, 1099 (6th Cir. 1994)). " 'While as a general matter, none of these four factors are given controlling weight, a preliminary injunction where there is simply no likelihood of success on the merits must be reversed.' "Farnsworth v. Nationstar Mortg., LLC, 569 Fed.Appx. 421 (6th Cir. 2014), quoting Mich. State AFL-CIO v. Miller, 103 F.3d 1240, 1249 (6th Cir. 1997); see also Gonzales v. Nat'l Bd. of Med. Exam'rs, 225 F.3d 620, 625 (6th Cir. 2000)("a finding that there is simply no likelihood of success on the merits in usually fatal").

Further, "'[t]he party seeking a preliminary injunction bears a burden of justifying such relief, including showing irreparable harm and likelihood of success.'" Kentucky v. U.S. ex rel. Hagel, 759 F.3d 588, 600 (6th Cir. 2014), quoting Michigan

2

<u>Catholic Conf. & Catholic Family Servs. v. Burwell</u>, 755 F.3d 372, 382 (6th Cir. 2014); <u>see</u> <u>also</u> <u>Overstreet v. Lexington–Layette Urban Cnty. Gov't</u>, 305 F.3d 566, 573 (6th Cir. 2002)(injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it"). Further, the "proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." <u>Leary v. Daeschner</u>, 228 F.3d 729, 739 (6th Cir. 2000).

While each of the above factors is to be balanced against each other, "[i]n the context of a First Amendment claim, the balancing of these factors is skewed toward emphasis on the first factor." <u>Liberty Coins, LLC v. Goodman</u>, 748 F.3d 682, 690 (6th Cir. 2014). That is, "the other three factors hinge on the first factor." <u>Id</u>. For example, determining where the public interest lies depends on the likelihood of success on the merits "because it is always in the public interest to prevent the violation of a party's constitutional rights." <u>Id</u>. (citations and internal quotation marks omitted). Additionally, the issue of harm to the parties cannot be addressed in this context without a finding of a constitutional violation. <u>Id</u>

### III. <u>Discussion</u>

This is a habeas corpus action, which may concern only the fact or duration of an individual's custody, and will only be granted if the individual's custody is found to be in violation of the Constitution. As the basis for his motion for a preliminary injunction, Mr. Royster asserts that he is prevented from receiving assistance from his jailhouse lawyer for his case, and that he was retaliated against in the form of disciplinary conduct reports against him. Turning first to Mr. Royster's likelihood of success on the merits, in order to establish this factor, Mr. Royster must demonstrate more than a mere possibility

3

of success. <u>Doe v. The Ohio State University</u>, 136 F.Supp.3d 854, 871 (S.D. Ohio 2016), <u>citing</u> <u>Six Clinics Holding Corp. v. Cafcomp Sys., Inc</u>., 119 F.3d 393, 402 (6th Cir. 1997). That is, Mr. Royster must "'establish [ ] a substantial likelihood or probability of success on the merits.'" <u>Id</u>., <u>quoting</u> <u>Int'l Dairy Foods Ass'n v. Boggs</u>, 622 F.3d 628, 635 (6th Cir. 2010).

In his argument in support of a TRO, Mr. Royster makes only conclusory statements with respect to being denied access to the courts. He does not indicate precisely how officials have prevented him from receiving legal assistance, nor does he acknowledge the elements of a retaliation claim or allege specific facts related to the claimed unsubstantiated conduct reports brought against him. Defendants argue, among other things, that Mr. Royster has not demonstrated a likelihood of success on the merits because the motion is barred by the doctrine of <u>res</u> <u>judicata</u>. They point out that this Court denied a virtually identical motion for a TRO in a recent case filed under 42 U.S.C. §1983 by Mr. Royster and Mr. Steele against CCI officials. In the Report and Recommendation which recommended dismissal of the case and denial of the motion for a TRO, the Magistrate Judge stated:

> Plaintiffs fail to state a claim for relief. Mr. Steele claims that Defendants infringed upon his right to access the courts as Mr. Royster's jailhouse lawyer, but Mr. Steele has no such right. 'It is clear in this circuit that an inmate does not have an independent right to help other prisoners with their legal claims.' <u>Thaddeus-X v. Blatter</u>, 175 F.3d 378, 395 (6th Cir. 1999). As for Mr. Royster's claims, 'prison officials may not prevent' jailhouse lawyers from assisting other inmates or 'retaliate for providing such assistance where no reasonable alternatives are available.' <u>Gibbs v. Hopkins</u>, 10 F.3d 373, 378 (6th Cir. 1993). In order to proceed on such a claim, a plaintiff must plead or present evidence that he is 'unable to file his own complaint or grievance,' <u>Evans v. Vinson</u>, 427 Fed.Appx. 437, 445 (6th Cir. 2011), and that he 'has no other

sources of help,' <u>Nelson v. Joosten</u>, 100 F.3d 957, No. 95-1800, 1996 WL 637487, at *1 (6th Cir. Nov. 4, 1996). Plaintiffs do not allege that Mr. Royster is unable to file his own pleadings. Further, the attachments to their complaint indicate that the Institution has a procedure for inmates to receive legal assistance beyond that of Mr. Steele. (See, e.g., Doc. 1-2 at 14, 25). Mr. Steele's retaliation claim, which is derivative of Mr. Royster's claims, lacks merit for the same reason. <u>Ziegler v. McGinnis</u>, 32 Fed.Appx. 697, 699 (6th Cir. 2002)."

<u>Steele v. Jenkins</u> 2016 WL 4564010 (S.D. Ohio Sept. 1, 2016).  The District Judge adopted the Magistrate Judge's Report and Recommendation and a final judgment was entered for the defendants. <u>Id</u>., 2016 WL 5848849 (S.D. Ohio Oct. 6, 2016).

In this TRO motion, which is substantially similar to the previous TRO motion, Mr. Royster has added language to the effect that he has no ability to deal with his legal matters on his own. However, as established in his recent case before this Court, CCI has a procedure for inmates to receive legal assistance beyond that of Mr. Steele.  Prisoners do not have the right to a jailhouse lawyer, and certainly not a particular jailhouse lawyer of their choosing. <u>Thaddeus-X v. Blatter</u>, 175 F.3d 378, 395 (6th Cir. 1999).  This case is a habeas petition filed against the Chair of the APA and the APA itself, not any individual employees of CCI who he alleges to be engaging in the improper conduct. Moreover, the individuals who Mr. Royster claims are denying him access to the courts are not parties to this case. Without addressing directly the defendants' <u>res judicata</u> argument, the Court acknowledges that the facts alleged here in support of the motion for TRO are substantially similar to those in the recent case, and agrees with Magistrate Judge Jolson's reasoning. Mr. Royster has not demonstrated a strong likelihood of success on the merits of this claim. Because the other factors required for a TRO are hinged on his likelihood of success on the merits, Mr.

Royster has failed to meet this burden. <u>See</u> <u>Liberty Coins</u>, <u>supra</u>, 748 F.3d at 690.

### IV. <u>Recommended Decision</u>

Based on the above discussion, it is recommended that motion for a temporary restraining order (Doc. 2) be denied.

### V. <u>Procedure on Objections</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de novo</u> determination of those portions  of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge