IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEROME ROYSTER,                       :

   Petitioner,                         :

  v.                                  :    Case No. 2:16-cv-1174

                                                :    JUDGE GEORGE C. SMITH
ANDRE IMBROGNO, ET AL.,                   Magistrate Judge Kemp
                                                :

   Respondents.

## REPORT AND RECOMMENDATION

This case represents the second time that Petitioner has sought a federal writ of habeas corpus in order to determine if the Ohio Adult Parole Authority followed the law when it denied him parole in 2014. His first such petition was filed on April 20, 2015, almost a year after he was denied parole on April 29, 2014. He raised an *Ex Post Facto* issue in that petition and asserted that he was "entitled to another meaningful hearing which encompasses more that just a view of the circumstances as viewed from the past ...." *See* Case No. 2:15-cv-1345, Doc. 1.

In that case, Respondent moved to dismiss the petition as unexhausted. A Magistrate Judge of this Court recommended granting that motion. *Id.*, Doc. 8. In response, Petitioner moved for voluntary dismissal, and on November 17, 2015 the Court granted that motion. *See id.*, Doc. 11.

According to the motion to dismiss filed in the current case (Doc. 9), Petitioner did file a mandamus action in state court in an effort to exhaust his state remedies. It

failed, apparently on procedural grounds. He then filed this case on December 15, 2016. Respondent argues that the filing was untimely. For the following reasons, which include reasons not advanced by Respondent, the Court agrees and will recommend that the case be **DISMISSED**.

### I. Procedural History

Only a brief procedural history is needed in order to understand the limitations issues in this case. Some of it is recited in the Report and Recommendation filed in Case No. 2:15-cv-1345, where the Court stated that "Petitioner was convicted of aggravated murder, kidnapping, rape, aggravated robbery, and grand theft; his original death sentence was commuted in 1978 and Petitioner was sentenced to a term of imprisonment of 35 years to life." *See id.*, Doc. 8, at 1. As noted, Petitioner was considered for parole in 2014, but was denied.

After he voluntarily dismissed the prior case, Petitioner returned to the state courts to seek relief. According to the exhibits attached to the motion to dismiss (Doc. 9), Petitioner filed a petition for a writ of mandamus in the Tenth District Court of Appeals on September 1, 2015. In it, he represented that he had not filed any prior actions within the past five years in either state or federal court. Doc. 9, Ex. 1. Respondent moved to dismiss on grounds that Petitioner's prior-suit affidavit was false, citing to two prior filings made in this Court, including Case No. 15-cv-1345. The court of appeals agreed and dismissed the mandamus action on March 10, 2016. Ex. 6.

Petitioner appealed. However, he did not file a merits brief. For that reason, the Ohio Supreme Court dismissed his appeal. Ex. 11. That occurred on July 7, 2016. Petitioner filed the current action some five months later.

## II. Statute of Limitations

Respondent's argument is based on the one-year statute of limitations found in 28 U.S.C. §2244(d). That statute, applicable to petitions filed by state prisoners under 28 U.S.C. §2254, gives the prisoner one year from the date that a state court conviction becomes final to file an action for a writ of habeas corpus. Finality is defined as "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1).

That concept does not fit neatly into the scenario involved in the present case, which concerns not the finality of Petitioner's original conviction but a decision denying him parole. In such cases, the courts have held that the statute of limitations begins to run on the date that the parole decision is final, without regard to the availability of any subsequent state court remedies. Those remedies (which, as this Court has said, a state prisoner " would have been expected to exhaust before coming to federal court," *see McBroom v. Richard*, 2017 WL 1062496, *3 (S.D. Ohio March 21, 2017)), do not affect the finality of the parole decision, but they can, under appropriate circumstances, toll the running of the statute of limitations. *McBroom, supra; see also Klopp v. Wolfe*, 8 Fed. Appx. 444 (6th Cir. April 30, 2001); *Nedea v. Ohio Adult Parole Authority*, 2005 WL 1073365 (S.D. Ohio March 29, 2005).

3

Applying those principles here, the statute of limitations began to run on Petitioner's habeas claim on April 29, 2014. He filed his first challenge to the parole decision (that is, his first federal habeas petition) 356 days later, on April 20, 2015. At that point, nine days remained in the limitations period. It expired nine days later, because filing a federal challenge to a state court conviction or order (unlike a state challenge) does not toll the running of the statute of limitations. *See Griffin v. Rogers*, 308 F.3d 647, 651 (6th Cir. 2002), citing *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001)(holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2) [and]therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition"). At that point, Petitioner had not filed any state court proceedings which would have the effect of tolling the running of the statute of limitations. Consequently, although his initial habeas corpus case was timely filed, once he obtained a dismissal of that case, he no longer had the ability to file a timely federal habeas corpus action.

Petitioner argues, in his reply, that he should be given the benefit of equitable tolling, and that under that doctrine, he should have been given a grace period to return to federal court after exhausting his state court remedies. That argument fails for numerous reasons. As the Court of Appeals explained in *Giles v. Beckstrom*, 826 F.3d 321, 325 (6th Cir. 2016),

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he

> has been pursuing his rights diligently, and (2) that some extraordinary
> circumstances stood in his way and prevented timely filing." *Holland v.
> Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (internal
> quotation marks and citation omitted).

Petitioner cannot make that showing. The rule that the filing of a federal habeas corpus action does not toll the running of the statute of limitations has been in place at least since the Supreme Court's *Duncan* decision, which was handed down in 2001. Petitioner should have realized that, if he dismissed that case, the statute of limitations would be a bar to a second petition. Even if he did not know that, the Court of Appeals "has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Further, although he did pursue his rights in state court, it is hard to conclude that he did so "diligently" given that he did not complete an accurate statement of his prior litigation history when he filed his mandamus petition and that he did not file a brief in the Ohio Supreme Court.

Petitioner has also not shown that any circumstances beyond his control prevented him from pursuing his rights in a timely fashion. He voluntarily dismissed the prior action. Had he wished to preserve that action while pursuing state court remedies, he could have asked the Court to employ the "stay and abeyance" procedure explained in *Rhines v. Weber*, 544 U.S. 269 (2005). He did not. Further, there are a multitude of decisions from this Court and from the Court of Appeals holding that a habeas petitioner who challenges the validity of a decision denying parole must pursue

5

state court remedies in order to satisfy the statutory exhaustion requirement found in 28 U.S.C. §2254(b), (c). *See, e.g., McCardle v. Warden, London Corr. Inst.*, 2010 WL 3719241 (S.D. Ohio Sept. 15, 2010), *adopted and affirmed* 2010 WL 4384247 (S.D. Ohio Oct. 27, 2010), citing, *inter alia*, *Williams v. Perini*, 557 F.2d 1221 (6th Cir. 1977). The Ohio courts have long held that they will review the actions of the Adult Parole Authority in the context of a mandamus action. *See, e.g., Wright v. Ghee*, 74 Ohio St. 3d 465 (1996). Had Petitioner pursued that remedy before filing his first habeas corpus petition, that might have constituted diligence. But he waited until after he filed that action and until after Respondent filed a motion to dismiss, raising the exhaustion issue, to bring his state court mandamus action. That is not the type of diligence which will support a claim of equitable tolling. For these reasons, the Court concludes that any relief which Petitioner is seeking under 28 U.S.C. §2254 is barred by the statute of limitations contained in 28 U.S.C. §2244(d). The Court adds, parenthetically, that because Petitioner's attempt at state court exhaustion was denied on procedural grounds, it is also likely that even if the Court were to excuse his failure to file timely, the Court would conclude that Petitioner's claims were procedurally defaulted and would not reach the merits. *See Maupin v. Smith*, 85 F.2d 135 (6th Cir. 1986).

That does not end the Court's inquiry, however. Although styled as a habeas corpus petition, Petitioner is not necessarily asking for his immediate release from prison, but only a hearing that is, in his view, free from procedural defects. That type of claim can also be brought under 42 U.S.C. §1983. *See Wilkinson v. Dotson*, 544 U.S. 74

6

(2005). Unfortunately for Petitioner, the statute of limitations applicable to claims under §1983 also bars relief.

In Ohio, the statute of limitations for §1983 actions is the two-year statute found in O.R.C. §2305.10. *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989). Since Petitioner's parole claim accrued on April 29, 2014, he had until April 29, 2016 to bring a §1983 claim challenging the denial of parole. The current action, which was not filed until December of 2016, clearly falls outside the limitations period. Ohio does have a "savings statute" which, under some circumstances, can extend the limitations period when an action is timely filed and then dismissed, but it does not help Petitioner here. That statute, O.R.C. §2305.19(A), says this about the effect of filing a prior case:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

Petitioner's prior case was dismissed other than on its merits, so that statutory requirement has been satisfied. However, the statute gives a plaintiff the later of two dates on which to refile in a timely manner: either the time left in the limitations period, or one year from the date of the prior dismissal. *See, e.g., CapitalSource Bank FBO Aeon Fin., L.L.C. v. Donshirs Dev., Corp.,* 2013 WL 1697492 (Cuyahoga Co. App. April 18, 2013). Here, the first of those dates was April 29, 2016. The second was November 17, 2016,

7

since the prior action was dismissed on November 17, 2015. Petitioner missed both dates. Consequently, even if this case is construed as making a claim under 42 U.S.C. §1983, it is still time-barred.

### III.  Recommended Disposition

For the reasons set forth above, it is recommended that Respondent's motion to dismiss (Doc. 9) be granted and that this case be **DISMISSED**.

### IV.  Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge